# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**M STREET INVESTMENTS, INC.**                                                        **PLAINTIFF**

**v.**                                                    **Civil Action No. 5:13cv47-DCB-MTP**

**ZURICH AMERICAN INS. CO., ET AL.**                              **DEFENDANTS**

**consolidated with**

**GARY WILBORN**                                                                      **PLAINTIFF**

**v.**                                                  **Civil Action No. 5:13cv51-DCB-MTP**

**ZURICH AMERICAN INS. CO.**                                            **DEFENDANT**

## ORDER

This matter is before the court on the Motion to Intervene [33] filed by J. Stephen Smith, Trustee for the bankruptcy estate of Delta Investments & Development, Inc., d/b/a Grand Station Casino, Vicksburg. The court, having considered the submissions of the parties and the applicable law, finds that the Motion should be DENIED.

The Movant seeks to intervene as of right in this action pursuant to Federal Rule of Civil Procedure 24(a)(2).[1] Alternatively, the Movant seeks a permissive intervention pursuant to Rule 24(b)(1)(B).[2] Plaintiff M Street Investments, Inc. ("M Street") and Defendant Belfor Group, USA, Inc. ("Belfor") oppose the intervention.

**Intervention of Right**

---

[1] The Movant does not allege that the bankruptcy estate is given an unconditional right to intervene by a federal statute; thus, Rule 24(a)(1) is not applicable.

[2] The Movant does not allege that the bankruptcy estate is given a right to intervene by a federal statute; thus, Rule 24(b)(1)(A) is not applicable.

Federal Rule of Civil Procedure 24(a)(2) provides:

On timely motion, the court must permit anyone to intervene who:

. . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

According to Fifth Circuit precedent, in order to intervene as a right, a movant must meet the following four prerequisites:

(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Taylor Commc'ns Grp., Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). A movant's "[f]ailure to meet any one of these requirements is fatal to a claim of intervention as of right." *Id*.

Here the focus is on the second requirement. Both M Street and Belfor claim that the Movant should not be allowed to intervene as of right because he fails to establish that the bankruptcy estate has an interest relating to the property or transaction which is the subject of the action. To meet the second requirement, the Movant must show that the estate has a "direct, substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) (citations and quotations omitted). The interest asserted by the Movant must be "one which the *substantive* law recognizes as belonging to or being owned by the applicant." *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984).

2

The Movant must demonstrate a present interest and not a contingent interest or mere expectancy. *United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969). The asserted interest is insufficient to justify intervention if it is "too contingent, speculative, or remote from the subject of the case." *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 286 F.R.D. 313, 316 (S.D. Tex. 2012).

On April 24, 2013, the Trustee filed a Complaint to Set Aside a Fraudulent Conveyance in the bankruptcy proceeding which seeks to set aside the conveyance of the Grand Station Hotel from the bankruptcy estate to Great Southern Investment Group, Inc. ("Great Southern"), a wholly owned subsidiary of M Street. If the Trustee is successful in setting aside the transfer of the Grand Station Hotel, the property would be returned to the bankruptcy estate.

Accordingly, the Movant's asserted interest in this matter is contingent on the future outcome of the bankruptcy proceedings. An interest, wholly dependant on the future outcome of a separate proceeding, is not a present, legally protectable interest. *See 936.71 Acres*, 418 F.2d at 556.

In its proposed counterclaim, the Movant seeks a declaratory judgement from this court "adjudging that any casualty insurance proceeds owed as a result of covered losses to the Hotel Property should be paid to the Trustee, as such proceeds are rightly the property of the bankruptcy estate and should be used for restoration of the Hotel Property." Answer, Defenses and Counterclaim of J. Stephen Smith [33-4] at 8. At present, the bankruptcy estate has no apparent rights pertaining to the hotel property or the proceeds of the insurance policy at issue in this matter. Even if the bankruptcy court returns the hotel property to the bankruptcy estate, such would not automatically establish the bankruptcy estate's right to the proceeds of an insurance

3

policy between M Street and Zurich.

The Movant failed to meet the second requirement for intervention as a right; therefore, the Movant's Motion to Intervene based on Federal Rule of Civil Procedure 24(1)(2) is denied.

**Permissive Intervention**

Federal Rule of Civil Procedure 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Even if the requirements of Rule 24(b)(1)(B) are satisfied, permissive intervention is wholly discretionary with the court. *New Orleans Public Service*, 732 F.2d at 470-71.

At the heart of this case are the proceeds, if any, due under an insurance policy between M Street and Zurich. The facts in this case involve the damage caused to the hotel property during Hurricane Isaac, the parties' performance of their contractual duties, and the parties' performance of remediation services on the hotel property. The bankruptcy estate is not a party to any contract at issue in this case and was not involved in any remediation services on the hotel property. Nonetheless, the Movant claims that the bankruptcy estate has a right to the insurance proceeds. The questions of law and fact relating to the Movant's claim, however, involve the business dealings between the debtor and Great Southern and whether the hotel property was properly conveyed. The questions of law and fact the Movant seeks to bring before the court are dissimilar to the questions of law and fact currently pending before the court.

Additionally, the court has considered any undue delay or prejudice an intervention

4

would cause. The Movant concedes that the bankruptcy estate's alleged right to the insurance proceeds is dependant on the estate's right to the hotel property. The issue of whether the conveyance of the hotel property was legitimate or not is not before the court. This case could not properly proceed with the Movant as a party until the bankruptcy court decides the fraudulent conveyance issue. Such an intervention in this case would unduly delay the adjudication of the original parties' rights. Accordingly, the Movant's Motion to Intervene based on Federal Rule of Civil Procedure 24(b)(1)(B) is denied.

IT IS, THEREFORE, ORDERED:

That the Motion to Intervene [33] filed by J. Stephen Smith, Trustee, is DENIED.

SO ORDERED AND ADJUDGED this the 24th day of July, 2013.

s/ Michael T. Parker
United States Magistrate Judge