IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


M STREET INVESTMENTS, INC.                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 3:13-cv-878(DCB)(MTP)

ZURICH AMERICAN INSURANCE COMPANY, ET AL.                    DEFENDANTS


<u>ORDER</u>

This cause is before the Court <u>sua</u> <u>sponte</u> to address the matter of umpire fees. On August 8, 2013, the Court entered an Order granting plaintiff M Street Investments, Inc. ("M Street")'s motion to compel arbitration and appoint umpire. (Docket entry 53). The terms of the insurance policy between M Street and Zurich American Insurance Company ("Zurich") include the following under "Commercial Property Conditions":

B. APPRAISAL

If we and you disagree on the value of the property or the amount of the loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent, disinterested, and impartial appraiser who has no direct or indirect financial interest in the claim. The two appraisers will select and umpire. If they cannot agree, [e]ither may request that selection of an umpire be made by a judge of a court having jurisdiction. The appraisers will state separately the value of each item of lost or damaged property as of the date of loss and amount of loss in accordance with the Valuation provisions of the applicable Coverage Form, or, if not stated, the "actual cash value" and "replacement cost." If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim in whole or in part, based on the terms and conditions of the policy.

Zurich Insurance Policy, Commercial Property Conditions, ¶ B.  The Court's August 8, 2013, Order directed M Street and Zurich to comply with the terms of their appraisal agreement, and provided, pursuant to the policy's terms, that if the parties' appointed appraisers could not agree on an umpire, the Court would appoint one.  (Docket entry 53).

On August 22, 2013, M Street filed a motion (docket entry 54) to enforce the Court's August 8, 2023, Order, and on September 13, 2013, Zurich filed a motion (docket entry 64) requesting the Court to appoint an umpire.  The Court's Order of September 23, 2013 (docket entry 71), directed the parties to submit additional information prior to the Court's appointment of an umpire.  This information was submitted on September 30, 2013 (docket entries 77, 78).  On October 8, 2013, the Court entered an Order advising the parties of its intent to name Harvey R. Little, MAI, as umpire within five days "unless the court receives from any of the parties information which will present a conflict."  (Docket entry 80).  Having heard nothing from the parties, the Court appointed Mr. Little as umpire on October 15, 2013.  (Docket entry 83).  On October 16, 2013, Mr. Little was added to the docket as a party.

(Docket entry of 10/16/2013).[1]

On November 21, 2013, M Street filed a motion to disqualify Zurich's appraiser. (Docket entry 94). On January 9, 2014, Zurich filed a motion for sanctions against M Street's counsel for the filing of the motion to disqualify. (Docket entry 119). On March 6, 2014, M Street filed a motion requesting the Court to disqualify the umpire and appoint a new umpire. (Docket entry 148). On March 20, 2014, Zurich filed a response to M Street's motion (docket entry 164), and M Street filed its rebuttal memorandum on March 27, 2014. (Docket entry 172).

The Court scheduled a settlement conference in this case for April 22, 2014. (Docket entry of 3/25/2014). On March 31, 2014, M Street, Zurich, and Belfor U.S.A. Group, Inc. ("Belfor") filed a joint motion to continue the settlement conference until after the motion deadline of March 30, 2014. (Docket entry 177). The settlement conference was continued, and the parties were instructed to "schedule and complete private mediation or a settlement conference with the court by not later than June 30, 2014." (Docket entry of 4/2/2014).

On April 14, 2014, Zurich filed a motion to enforce appraisal

---

[1] M Street's motion of August 22, 2013, also requested the Court to appoint an appraiser for Zurich, and to award sanctions to M Street. By Order of March 28, 2014, the Court found that the motion to appoint appraiser was moot since Zurich had appointed an appraiser, and the Court denied M Street's motion for sanctions. (Docket entry 174).

award (docket entry 186), informing the Court that the umpire and Zurich's appraiser had agreed on an award. (Docket entry 186). Zurich requested the Court to

> enter an Order enforcing the Appraisal Award and allow Zurich to deposit into the Registry of the Court $2,170,802.80, which represents the full Replacement Cost Value of $2,802,765 as determined by the Appraisal Award signed by Harvey Little and Joseph Rizzo, less the $631,962.20 already paid by Zurich to Plaintiff M Street Investments, Inc. With this maximum possible claim amount safely in the Registry, the parties can present their arguments to the Court as to which losses are covered and non-covered under the terms of the Insurance Policy, and the Court can determine coverage amounts accordingly.

(Docket entry 186, p. 3).

On April 28, 2014, M Street filed a Voluntary Dismissal with Prejudice (docket entry 194) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which provides as follows:

**Rule 41. Dismissal of Actions**

**(a) Voluntary Dismissal.**

**(1) *By the Plaintiff.***

**(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

. . .

(ii) a stipulation of dismissal signed by all parties who have appeared.

Fed.R.Civ.P. 41(a)(1)(A)(ii).

The Court is advised that the umpire, Mr. Little, has not been paid his umpire fees by one or more of the responsible parties.

The Court is also advised that Mr. Little has retained attorney Joe Deaton of Deaton & Berry, P.A., to represent him in this matter.

The threshold issue is whether the Court has jurisdiction to entertain a motion for umpire fees following a Rule 41(a)(1)(A)(ii) voluntary dismissal.  "Generally, ... a plaintiff's filing in the district court of a stipulation of dismissal signed by all parties pursuant to Rule 4(a)(1)[(A)](ii) divests the court of its jurisdiction over a case, irrespective of whether the district court approves the stipulation." Gambale v. Deutsche Bank, AG, 377 F.3d 133, 139 (2nd Cir. 2004)(citation omitted); see also Meinecke v. H & R Block, 66 F.3d 77, 82 (5th Cir. 1995)(holding that the district court's grant of summary judgment to a party after the parties filed a stipulation pursuant to Rule 41(a)(1)(A)(ii) was void).

However, a court may retain jurisdiction over a case to determine other matters associated with the case that are unrelated to the merits of the plaintiff's claims. Jackson v. Dean, 2013 WL 4517262 *1 (S.D. Ga. Aug. 26, 2013).  "It is well established that a federal court may consider collateral issues after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990).  In addition, neither the umpire, Harvey R. Little, nor his counsel, was a signatory to the Voluntary Dismissal; therefore, the umpire was not included in the voluntary dismissal. See Woods v. Carter & Cooley, 91 F.3d 141, 1996 WL 400331 *2 (5th Cir.

1996)(unpublished).

The Court shall therefore allow the umpire's counsel to enter an appearance and file a motion to reopen this case for the limited purpose of deciding the umpire fees issue, as well as an appropriate motion for relief regarding umpire fees.

The Court is also advised that M Street is no longer represented by Tina L. Nicholson of Baker/Nicholson, and that M Street has retained new counsel.  If that is the case, a substitution of counsel should be made at the appropriate time.

Accordingly,

IT IS HEREBY ORDERED that Harvey R. Little is granted leave to file a motion to reopen this case for the limited purpose of deciding the umpire fees issue, as well as an appropriate motion for relief regarding umpire fees.  The motions should be filed within fourteen (14) days from the date of entry of this Order;

FURTHER ORDERED that any party filing a response to the motions shall do so pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court;

FURTHER ORDERED that the hearing set for August 6, 2014, is cancelled.  The Court will reschedule a hearing if necessary after it has considered the parties' submissions.

SO ORDERED, this the 29th day of July, 2014.


                                    /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE